IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANICE MCCARTER, individually and on behalf of all others similarly situated,<br>　　　Plaintiff,<br>　　v.<br><br>TARGET CORPORATION, a Minnesota corporation,<br>　　　Defendant. | Case No. 1:13-cv-9147<br><br><br>Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Janice McCarter ("McCarter"), by and through her counsel, Kenneth M. DucDuong, and for her class action complaint against the defendant, Target Corporation ("Target"), a Minnesota corporation, pleading hypothetically and in the alternative, and upon the investigation of her counsel, states and alleges as follows:

### NATURE OF COMPLAINT

1. Plaintiff brings this action against Target for its failure to reasonably and properly secure and protect its customers' personally identifiable information ("PII"), including e-mail addresses, passwords, credit and debit card numbers, expiration dates, and mailing and billing addresses.

2. On December 19, 2013, Target announced at its website about the massive data security breach.[1]

3. Target's wrongful actions and/or inaction also constitute common law negligence and common law invasion of privacy by public disclosure of private facts.

---

[1] https://corporate.target.com/discover/article/Important-Notice-Unauthorized-access-to-payment-ca (last accessed on December 22, 2013).

4. Plaintiff, on behalf of herself and members of the Class, seeks actual damages, economic damages, statutory damages, nominal damages, exemplary damages, injunctive relief, reasonable attorneys' fees, litigation expenses and costs of suit.

## PARTIES

5. Plaintiff resides in this District and is domiciled in Illinois.

6. Defendant, Target Corporation, is a corporation organized under the laws of the state of Minnesota, with its headquarter in 1000 Nicollet Mall, Minneapolis, MN 55403. Target conducts its business in the states of Illinois and other fifty states. Its registered agent is CT Corporation System, 208 S. La Salle St., Suite 814, Chicago, IL 60604.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because the parties are citizens of different states and the aggregate amount of controversy exceeds the sum or value of $5,000,000, under Class Action Fairness Act, exclusive of interest, and is a class action composed of more than 100 members. There is minimal diversity of citizen ship between the proposed class and Target. This Court has supplemental jurisdiction over claims under state law and the common law pursuant to 28 U.S.C. § 1367(a).

8. This Court has personal jurisdiction over Target because substantial acts as alleged herein were committed by Target in Illinois, and Plaintiff suffered her injury in Illinois.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (2), (c) because Target conducts its business in this district, and the substantial action or omission occurred in this district.

## FACTS COMMON TO ALL COUNTS

10. Target is one the largest discount retailer in the United States and, in 2013, is

ranked 36th by revenue on the Fortune 500, the largest five hundred companies in the United States.

11. Plaintiff regularly shops at Target stores, and used her credit or debit card at one of the Target Stores located in Illinois. On December 4, 2013, Plaintiff visited a Target Stores (Store # 2079), located in Chicago, Illinois and purchased merchandises for her personal and/or family use.

12. On December 19, 2013, Target notified Plaintiff that there had been a data breach resulted from unauthorized access between November 27, 2013 and December 15, 2013. Prior to December 19, 2013, Plaintiff had no knowledge of the data breach.

13. News of the date breach was first published by Brian Krebs, a blogger, at http://krebsonsecurity.com/about/, on or about December 18, 2013 before Target made any attempt to notify Plaintiff and affected customers.

14. The massive data security breach, the second largest reported data breach (after TJX data breach in 2005), may have compromised 40 millions credit and debit cards, reported Target.[2]

**Consequences of Target's Data Security Breach**

15. Identity theft occurs when a person's PII, such as the person's name, e-mail address, address, Social Security number, billing and shipping addresses, phone number and credit card information is used without his or her permission to commit fraud or other crimes.[3]

16. According to the Federal Trade Commission ("FTC"), "the range of privacy related harms is more expansive than economic or physical harm or unwarranted intrusions and

---

[2] http://www.washingtonpost.com/business/technology/target-data-breach-affects-40-million-accounts-payment-info-compromised/2013/12/19/5cc71f22-68b1-11e3-ae56-22de072140a2_story.html (last accessed December 19, 2013).

[3] See http://www.consumer.ftc.gov/features/feature-0014-identity-theft (last accessed December 22, 2013).

that any privacy framework should recognize additional harms that might arise from unanticipated uses of data."[4] Furthermore, "there is significant evidence demonstrating that technological advances and the ability to combine disparate pieces of data can lead to identification of a consumer, computer or device even if the individual pieces of data do not constitute [PII]."[5]

17. The FTC estimates that the identities of as many as 9 million Americans are stolen each year. Id.

18. As a direct and/or proximate result of the Data Breach, Plaintiffs and Class

19. Members will now be required to take the time and effort to mitigate the actual and potential impact of the Data Breach on their lives including, *inter alia*, placing "freezes" and "alerts" with the credit reporting agencies, closing or modifying financial accounts, and closely reviewing and monitoring their credit reports and accounts for unauthorized activity. Because Plaintiff's and Class Members' Social Security numbers were stolen and compromised, they also now face a significantly heightened risk of identity theft.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

21. The Class is defined as follows to consists all persons, according to Target's record, who meet the following criteria, subject to later amendment, as appropriate:

> All persons who used credit or debit cards at Target Corporation stores in Illinois and whose personal and/or financial information was breached during the period

---

[4] Protecting Consumer Privacy in an Era of Rapid Change FTC Report (March 2012) (http://www.ftc.gov/os/2012/03/120326privacyreport.pdf) (last accessed December 22, 2013).

[5] Protecting Consumer Privacy in an Era of Rapid Change: A Proposed Framework for Businesses and Policymakers, Preliminary FTC Staff Report, 35–38 (Dec. 2010), available at http://www.ftc.gov/os/2010/12/101201privacyreport.pdf (last accessed December 22, 2013); Comment of Center for Democracy & Technology, cmt. #00469, at 3; Comment of Statz, Inc., cmt. #00377, at 11–12.

from on or about November 27 to on or about December 15, 2013. Excluded from the Class are Target; officers, directors, and employees of Target; any entity in which Target have a controlling interest; the affiliates, legal representatives, attorneys, heirs, and assigns of the Target.

22. This action is brought and may properly be maintained as a class action pursuant Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Target's possession due to the nature of the trade and business involved.

23. Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

   a. Whether Target unlawfully used, maintained, lost, or disclosed personal and/or financial information of the members of the Class;

   b. Whether Target failed to protect its customers' personal information with industry-standard protocols and technology;

   c. Whether Target failed to disclose material facts relating to the character and quality of its data security practices;

   d. Whether Target knew that is representations about its security practices were false and misleading and continued to disseminate them;

   e. Whether Target unreasonably delayed in notifying Plaintiff and affected customers of the data breach;

   f. Whether Target failed to maintain and implement reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the data breach;

g. Whether Target's conduct was negligent and/or grossly negligent;

h. Whether Target's conduct as described herein constitutes violation of Illinois Personal Identification Information Act, 815 ILCS 530/1 *et seq.*; and

i. Whether Target's conduct as described herein constitutes violation of the Illinois Consumer Fraud and Deceptive Business Act, 815 ILCS 505/1 *et seq*.

24. Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in prosecuting this action.

25. Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

26. This Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

27. The size of each putative Class member's damages is too small to make individual litigation an economically viable option.

28. Plaintiff anticipates no unusual difficulties in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative Class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

### COUNT I
### (Negligence)

29. Plaintiff re-states, re-alleges, and incorporates by reference the allegations in prior paragraphs in this paragraphs.

30. Target came into possession of Plaintiff's private and personal information and had a duty to exercise reasonable case in safeguarding and protecting such information from

being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

31. Target had a duty to timely disclose that Plaintiff's private and personal information within its possession had been compromised.

32. Target had a duty to have procedural safeguards in place to detect and prevent the loss or authorized access or dissemination of Plaintiff's private and personal information.

33. Target, through its actions or omissions, unlawfully breached its duty to Plaintiff by failing to exercise reasonable case in protecting and safeguarding Plaintiff's private and personal information within Target's possession.

34. Target, through its actions or omissions, unlawfully breach its duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent unauthorized access or dissemination of Plaintiff's private and personal information.

35. Target, through its actions or omissions, unlawfully breached its duty to timely disclose to Plaintiff the members of the Class the fact that their private and personal information within Target's possession had been compromised.

36. Based on the above stated facts, Target was negligent and breached its duty owed to Plaintiff and members of the Class, and Target's negligence and wrongful breach proximately caused Plaintiff's and members' of the Class private and personal information to be compromised.

37. Plaintiff seeks an award of damages on behalf of herself and members of the Class.

WHEREFORE, Plaintiff, Janice McCarter, respectfully requests this Court for a judgment in favor of herself and all others similarly situated, and against Defendant, Target Corporation, as follows:

A. Damages to be proven at trial;

B. Reimbursement of Plaintiffs' reasonable attorney's fees and costs; and

C. Any other and further relief as this Court deems proper.

## COUNT II
**(Violation of Illinois Personal Information Protection Act ("PIPA"), 815 ILCS 530/1 *et seq.*)**

38. Plaintiff re-states, re-alleges, and incorporates by reference all the allegations in the prior paragraphs in this paragraph.

39. The date breach described in this complaint constituted a "breach of the security system data" of Target, within the meaning of section 5 of PIPA, 815 ILCS 530/5.

40. The information lost in the date breach described in this complaint constituted "personal information" within the meaning of section 5 of PIPA, 815 ILCS 530/5.

41. Target failed to implement and maintain reasonable security procedures and practice appropriate to the nature and scope of the information compromised in the date breach.

42. Target unreasonably delayed informing Plaintiff and other members of the Class about the breach of security of their confidential and non-public information after Target knew that the data breach had occurred.

43. Target failed to disclose to Plaintiff and members of the Class, without unreasonable delay, and in the most expedient time possible, the breach of security of their unencrypted, or not properly and securely encrypted, personal information when they knew or reasonably believed such information had been compromised.

44. Upon information and belief, no law enforcement agency instructed Target that notification to Plaintiff and members of the Class would impede investigation.

45. Because of Target's data breach, Plaintiff and members of the Class incurred economic damages, including but not limited to fees for identity theft insurance, credit report

monitoring, and new card.

46. Plaintiff and members of the class seek damages, under 815 ILCS 530/40(d), for each person his or her personal information was disposed of in violation of PIPA.

WHEREFORE, Plaintiff, Janice McCarter, respectfully requests this Court for a judgment in favor of herself and all others similarly situated, and against Defendant, Target Corporation, as follows:

    A. Damages under 815 ILCS 530/40(d);

    B. Reimbursement of reasonable attorney's fees and costs; and

    C. Other and further relief this Court deems just and proper.

## COUNT III
**(Violation of Illinois Consumer Fraud and Deceptive Business Act ("ICFA"), 815 ILCS 505/1 *et seq.*)**

47. Plaintiff re-states, re-alleges, and incorporates by reference all the allegations in prior paragraphs in this paragraph.

48. Section 20 of PIPA, 815 ILCS 530/20, provides that a violation of PIPA is a violation of ICFA.

49. By failing to exercise reasonable case in protecting and safeguarding Plaintiff's private and personal information within Target's possession, Target violated PIPA and therefore violated ICFA.

50. Because of Target's data breach, Plaintiff and members of the Class incurred economic damages, including but not limited to fees for identity theft insurance, credit report monitoring, and new card.

WHEREFORE, Plaintiff, Janice McCarter, respectfully requests this Court for a judgment in favor of herself and all others similarly situated, and against Defendant, Target

Corporation, as follows:

    A. Damages to be proven at trial;

    B. Reimbursement of reasonable attorney's fees and costs; and

    C. Other and further relief this Court deems just and proper.

Dated: <u>December 23, 2013</u>                                                     Respectfully Submitted,
                                                                                          JANICE MCCARTER

                                                                       By: */s/Keneth M. DucDuong*
                                                                                 Attorney for Plaintiff

Kenneth M. DucDuong (ARDC #6286069)
KMD LAW OFFICE
35 E. Wacker Dr., 9th Floor
Chicago, IL 60601
Tel.: (312) 854-7006
Fax: (312) 376-1844

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant(s) takes affirmative steps to preserve all recordings, data, documents and all other tangible things that relate to plaintiff or the putative class members, the events described herein, any third party servicing special purpose accounts belonging to Plaintiff and members of the Class, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. This demand shall not narrow the scope of any independent document preservation duties of the defendant. Please contact the undersigned if you wish to discuss.

                                      */s/Kenneth M. DucDuong*
                                      Kenneth M. DucDuong
                                      One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

    Kenneth M. DucDuong
    KMD L<small>AW</small> O<small>FFICE</small>
    35 E. Wacker Dr., 9th Fl.
    Chicago, IL 60601
    Tel.: (312) 854-7006
    Fax: (312) 376-1844